# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-130V
(not to be published)

| | |
|---|---|
| MAMIE PORTER,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 25, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Michael G. McLaren*, Black McLaren et al., P.C., Memphis, TN, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On January 25, 2019, Mamie Porter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left Shoulder Injury Related to Vaccine Administration as a result of an influenza vaccination administered on September 18, 2017. (Petition at 1). On April 7, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 29).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated May 21, 2020 (ECF No. 34-3), requesting a total award of $31,631.60 (representing $29,452.20 in fees and $2,179.40 in costs). In accordance with General Order No. 9, Petitioner has offered a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 34-3). Respondent reacted to the motion on June 16, 2020, indicating that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, and defers to my discretion in determining the amount to be awarded. (ECF No. 35). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

A.  Hourly Rates

I have reviewed the rates requested for the work of the various attorneys and legal staff involved in this case. The billing invoices indicate that most of the time billed was performed by Christopher Webb, plus some law clerks and paralegals. (ECF No. 34 at 11). All rates requested for time billed to the matter in 2018 or 2019 are consistent with what has been allowed for Mr. Webb in prior cases, and are therefore awarded here as well. In addition, for time billed in 2020, Mr. Webb is requesting an increased rate of $351.00 per hour. Based on my experience and applying the rate schedules utilized at OSM, I find the requested increase is reasonable and award it herein.

Petitioner also requests rates ranging from $153.00 per hour to $160.00 per hour for work performed by paralegals and law clerks. (*Id.*) The rates requested for all parties are consistent with what has been previously awarded for their work in the Vaccine Program for time billed through 2020.

B.  Hours Billed

I have reviewed the billing records submitted and find no reason to reduce the time billed. (ECF No. 34-2 at 44-62).

## ATTORNEY COSTS

Petitioner seeks $2,179.90 in attorney's costs that include expenses associated with travel, medical records, postage, and filing. (ECF No. 34-2 at 63). Upon my review of the receipts submitted for travel, I find problems regarding the amount of costs requested for reimbursement, specifically regarding the costs for a car service. All travel was billed by Mr. Webb, who has had previous requests for costs reduced for the same reasons yet continues to bill for travel that is *not* reimbursable by the Program.[3]

---

[3] Black McLaren has had requests for attorney's costs previously reduced for luxury costs in multiple cases, including but not limited to; *Wright v. Sec'y of Health & Human Servs.,* No. 12-0423V, 2018 WL 7017749 (Fed. Cl. Spec. Mstr. Dec. 10, 2018); *Digerolamo v. Sec'y of Health & Human Serv.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. June 28, 2019); *Spivey v. Sec'y of Health & Human Serv.,* No. 18-0959V, 2019 WL 7580151 (Fed. Cl. Spec. Mstr. Dec. 12, 2019); and *Lepper v. Sec'y of Health & Human Servs.,* No. 18-0984V, 2019 WL 7580152 (Fed. Cl. Spec. Mstr. Dec. 12, 2019).

      A.      <u>Car Service Costs</u>

Mr. Webb utilized the car service Uber Select as transportation twice during his visit with Petitioner, which resulted in total Uber Select charges of $88.98. (ECF No. 34-2 at 13-15 and 25-27). While car transportation costs are generally compensable, Uber Select is "a luxurious step above <u>UberX</u>"[4] and exceeds what is reasonable under the Vaccine Program. The attorneys of Black McLaren have previously had costs reduced for using these services. *See, e.g., Wright,* 2018 WL 7017749, at *4-5; *Digerolamo,* 2019 WL 4305792, at *3-5; *Spivey,* 2019 WL 7580151, at *3; and *Lepper,* 2019 WL 7580152, at *3. Mr. Webb did not provide any reasoning as to why he used the luxury service for this portion of travel on his trip rather than taking a traditional Uber or a taxi service.

As Mr. Webb and the attorneys of Black McLaren have been made aware that luxury car services are not reimbursable by the Vaccine Program, I deny the request for the Uber Select car services costs, reducing the amount of costs to be awarded by **$88.98**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$31,542.62** (representing $29,452.20 in fees, and $2,090.42 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

                                      <u>s/Brian H. Corcoran</u>
                                      Brian H. Corcoran
                                      Chief Special Master

---

[4] This description is taken from the website estimatefare.com. See *https://estimatefare.com/what-is-uber-select/*

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.